IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-01177-RPM

CHARLES SHERRILL

Plaintiff

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

d/b/a AMERICAN FAMILY INSURANCE COMPANY

Defendant

**STIPULATED PROTECTIVE ORDER**

The Court finds good cause for entry of a Protective Order under C.R.C.P. 26(c) concerning confidential, proprietary, trade secret documents. Since the materials to be produced are either privileged, confidential, proprietary in nature, competitively sensitive, and/or contain trade secrets, the production of the documents by the defendant and use of the documents by Plaintiff and his counsel will be conducted pursuant to the following terms, restrictions and conditions:

1

1. All such documents shall be stamped "Confidential" by Defendant. The documents so designated are subject to this Protective Order (hereinafter referred to as "documents").

2. Information obtained by the plaintiff and his counsel from the documents and the documents themselves shall be used only for the purpose of prosecuting this action and only this action.

3. Plaintiff and his counsel agree that the documents and the information obtained from the documents shall not be released to any other person or entity for any purpose, with the exception of an individual employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by Plaintiff or his counsel for the purpose of testifying or giving opinions in this litigation, including Plaintiff's insurance claims expert, but only to the extent necessary for such person to perform his or his assigned tasks in connection with this litigation.

4. Counsel for Plaintiff shall obtain a written agreement from each individual, identified under paragraph 3 of this Protective Order, who will review any or all of the documents or receive information therefrom that they agree to hold all such documents in confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

5. In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an independent expert retained for purposes of

this litigation, it is agreed that any confidential document or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation. Defense counsel must designate within 14 days of receiving the deposition transcript any portion she considers confidential and communicate this to Plaintiff's counsel.

6. Counsel for Plaintiff shall maintain a list of all persons to whom the confidential information covered by this agreement has been shown, to whom copies have been provided, and who have agreed to the terms of this agreement. Counsel's list shall also identify, by bates number, all documents copied and the number of copies provided to each person.

7. Plaintiff may object to Defendant's designation of particular CONFIDENTIAL information by giving written notice to Defendant disputing the designation no later than fourteen (14) calendar days after the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Agreement. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Confidentiality Agreement until the Court rules on the motion.

8. At the conclusion of the action, counsel for Plaintiff will promptly furnish to counsel for Defendant, Sutton | Booker | P.C., a letter which identifies all persons or entities to whom documents or information have been disclosed along with a copy of the list maintained

pursuant to paragraph 6 and a copy of the written agreement regarding confidentiality obtained from each person or entity in the form of **Exhibit A**.  Counsel for Plaintiff will return to counsel for Defendant, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents, including but not limited to notes, extracts, compilation, discs and photocopies.

9. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.  No copies, duplications or reproductions of the documents may be part of the public record of this case, although this Protective Order does not prohibit the use of the documents as evidence in the trial of this case.  In the event that any such documents or the information contained therein is included with, or the contents thereof are in any way disclosed in any discovery responses, pleading, motion, brief, or other paper filed with the Clerk of this Court, or entered into evidence by way of testimony or exhibits at trial of this matter, such confidential documents or information shall be kept under seal by the Clerk until further order of the court, and, sealing shall continue so as to prevent disclosure at the conclusion of the trial.

10. The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

11. This Protective Order survives this case for the purpose of enforcement.

SO ORDERED

   Date:  August 29, 2014

                              s/Richard P. Matsch

                              _____
                              Richard P. Matsch, Senior District Judge

**Charles Sherrill v. American Family Mutual Insurance Company**

Civil Action No. 1:14-CV-01177-KMT

## COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY AGREEMENT

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1. I have received or reviewed the following confidential documents numbered Confidential Doc_____.

2. I have received and read a copy of the Protective Order entered in the action entitled *Charles Sherrill v. American Family Mutual Insurance Company*, Case Number: 1:14-CV-01177-KMT.

3. I understand the terms thereof and agree to be bound thereby.

4. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5. I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

DATED this ____ day of _____, 2013.

By: _____

**Exhibit A**